FELIX TORRES, JR.
P.O. BOX 8065
LAGUNA HILLS, CA 92654
TELEPHONE: 650-906-1346
Email: boalt77@yahoo.com

FILED

2008 FEB -8 A 10 36

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CA. S.J.

RECEIVED

FEB - 8 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FELIX TORRES, JR.,

Plaintif,

vs.

UNIVERSITY OF CALIFORNIA,
SANTA CRUZ; UCSC Campus Police;
UCSC Mickey Aluffi, Chief of Police
individually and in official capacity;
UCSC Police Officer M Connor,
individually and in official capacity;
UCSC Animal Control Officer Jen Holz
individually and in official capacity;
UCSC ADA Compliance Officer Susan
Willats, individually and in official
capacity; and DOES 1-10, Inclusive.

Defendants

Case No.  C08  00857

COMPLAINT FOR INJUNCTION
AND DECLARATORY RELIEF

JURY DEMAND

PLAINTIFF hereby submits his complaint and alleges as follows:

## JURISDICTION AND VENUE

1. This matter arises under the Constitution and laws of the United States, specifically the Fifth and Fourteenth Amendments to the Constitution of the Unites States and 42 USC sections 1983, 1985(3), 1986 and 1988.

2. This Court has jurisdiction of this case pursuant is 28 USC Section 1343(3), for violation of 1871 Civil Rights Enforcement Act, as amended, including 42 USC section 1983, 1985(3), 1986 and 1988, and sections 1331 and 1367(a). Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

3. The claims made in this action arose within this judicial district. Venue is proper in this judicial district pursuant to 28 USC 1391(b).

PLAINTIFF:

4. Currently Plaintiff is residing in Santa Cruz, California. Plaintiff is disabled and is receiving Social Security Disability Monthly Income to meet his basic living expenses.

5. Since 2001, Plaintiff has been periodically traveling throughout California engaging in research at the following UC Campuses, UC Berkeley, UC Santa Cruz, UC Irvine and UC San Diego.

**DEFENDANTS**:

6.  University of California at Santa Cruz is one of UC Campuses of California's Higher Education Systems. It is run by the California Board of Regents and by an appointed Chancellor. UC Santa Cruz has a current enrollment of about 15,000 students.

7.  UCSC POLICE DEPARTMENT is a staff of law enforcement officers that ensure a safe environment for UCSC students, staff and visitors.   It applies it unit's Mission, Vision and Value statements to the diverse population that they serve.  They allege that they recognize and respect the diversity and uniqueness of the citizens of its community, and respond to their needs without bias or prejudice, responding to the ever-changing needs of our community. They allege that they embrace the values of integrity, public service, competence, responsibility and accountability, and maintaining a workplace environment based on mutual respect. Members of this department are expected to adhere to the highest ethical standards of its profession including honesty, loyalty, and responsibility.

Mickey Aluffi, is the Chief of UCSC Police.

8.  UCSC Police Office M. Connor is a current Officer with the UCSC Police Department.  Defendant M. Connor is known to violate individual's rights and violate UC Police Polices with impunity.

9.  UCSC Animal Control Office Jen Holz is a member of the UCSC Police Department and prior to September 2007 approved/or disapproved an individual's request to have the owner's dog on campus upon proof of disability of the individual.

10.  UCSC ADA Compliance Officer Susan Willats is a current employee of the UCSC Campus and administers UCSC ADA requirements and currently approves or disapproves reasonable accommodations for disabled individuals e.g. individual dogs on campus to assist their owners.

11.  UCSC is the only UC Campus that has a UC Dogs Prohibited on Campus Code 55.  Which states that it is unlawful for any person having ownership, custody, or control of any dog to cause, suffer or permit such dog to be on the campus of the University of California at Santa Cruz, whether with or without a leash. "Campus" includes all land owned by the University of California at Santa Cruz including the Long Marine Lab, parking lots, grounds, buildings, and all developed and undeveloped lands of the University of California. This section shall not apply to any of the following:

(a) Dogs which assist persons with disabilities

(b) Dogs which are utilized for campus security

(c) Laboratory animals used in education and research

(d) Dogs housed in staff or faculty owned residences, or Chancellor or Provost housing (the "Non-Research Animals on Campus" policy shall regulate these pets).

**FACTS OF THE CASE**

12.  On or about May 27, 2007, Plaintiff was on the UCSC Campus engaged in research via the internet and using the UCSC Library.  Plaintiff was parked in a Handicap Parking space exhibiting his California issue Handicap Parking Sticker.

13.  Plaintiff has been using the UCSC Library facilities off and on since 2003.  Plaintiff also has a small dog that assists him in navigating the terrain of the campus e.g. steep rolling hills.  Plaintiff was been afflicted with Myasthenia Gravis a serious neurological illness since 1969.

14.  Prior to May 27, 2007, Plaintiff sought and received permission from UCSC Animal Control Officer Jen Holz to have his dog on campus due to his disability.

15.  After terminating his use of the UCSC Library, Plaintiff returned to his car and was removing some cardboard from the back seat of his car that Cookie (his dog) had soiled.  USCS Police Officer M. Connor witnessed the above and cited Plaintiff for violation of UC Ordinance 55.

16.  Plaintiff explained to defendant M. Connor that Plaintiff had prior permission to have Cookie on campus.  Defendant Connor merely laughed and stated that Plaintiff wasn't really disabled.  Defendant M. Connor's behavior and best be described as not only unprofessional but arrogant and at worst unconstitutional.

17. In early June 2007, Defendant Jen Holz when contacted by Plaintiff could not remember Plaintiff and indicated that a new procedure was in placed and that Plaintiff needed to contact ADA Compliance Officer defendant Willats.

18. Weeks prior to the September 18, 2007 Court hearing on the citation, Plaintiff sought and received permission from defendant UCSC ADA Compliance Officer Susan Willats to have Cookie on campus based on his disability.

18. Defendant Willats assured Plaintiff that she would contact defendant Jen Holz and inform her of Plaintiff's permission and to notify all Campus Police of such permission. According to defendant Willats an email was sent that day to defendant Jen Hotz.

19. At the September 18, 2007 hearing, under penalty of perjury defendant M. Connor stated that Plaintiff had no such permission. The Court gave Plaintiff a day i.e. September 19, 2007, to confirm his permission to have Cookie on campus via a letter from defendant Susan Willats. Unknown to Plaintiff, defendant Willats was on vacation and would not return until September 24, 2007. Plaintiff was convicted on the violation of UC Ordinance 55 and paid a fine of $93.00.

20. On September 24, 2007, Plaintiff inquired of defendant Susan Willats why UC Campus Police were still unaware of his permission. Defendant Willats stated that permission was granted but now was being revoked. That an email was sent

regarding the permission but the point was moot now that Plaintiff's permission was being revoked.

21. Subsequently, plaintiff informed the Chief of Police of USCS via a formal complaint of defendant M Connor's behavior on the day of the citation and the day of the Court hearing. Plaintiff also formally complained regarding defendant Jen Holz's failure to communicated Plaintiff permission granted by defendant Willats to all UCSC Campus Police Officers prior to September 18, 2007.

22. As of this day, no formal response has been forthcoming from USCS Police Department regarding Plaintiff's complaint.

## CAUSE OF ACTION ONE
## VIOLATION OF CIVIL RIGHTS
## 42 USC 1983

23. Plaintiff incorporates Paragraphs 1-22, as set above and incorporates them by reference.

24. Plaintiff alleges that the current scheme as mandated by UC Code 55 is in violation of Plaintiff's US Constitutional Rights as mandated in the 5th ( i.e. right to travel ,) , and 14th Amendment (regarding due process and equal protection of laws).

25. Plaintiff alleges that the defendants are in violation of his Constitutional Rights in violation of USC 1983, as amended in that:  Every person who, under

color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

26. Defendants by gross negligence, recklessness, or deliberate indifference to the rights of plaintiff caused plaintiff to be unlawfully denied due process and equal protections of the laws of the United States and California State Constitution and Statues/Codes without a compelling state interest.

27. As a direct and proximate result of the actions of the defendants as set forth above, plaintiff suffered the deprivation of Constitutional rights, pain, discomfort, disability, mental and emotion anguish and fear.

28. Monetary compensation is not available for the some defendants are immune for damages pursuant to 11TH amendment and immunity doctrines excepting those who are sued in their individual capacities.

29. Thus, plaintiffs request that this court issue a temporary and permanent injunction against the defendants from engaging in the above mention scheme and declare that such acts are unconstitutional.

## CAUSE OF ACTION TWO
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
## 42 USC 1985(3)/1986

30. Plaintiff and the class incorporate paragraphs 1-29 as set out above by reference.

31. Plaintiff alleges that the current provisions scheme of defendants, as mandated by the defendants in the above mentioned UC 55 code is in violation of Plaintiff's and the Class' US Constitutional Rights as mandated in the 5th and 14th Amendment.

32. Plaintiff further alleges that the defendants are in violation of his Constitutional Rights in violation of USC 1985(3), as amended in that: two or more persons of the State or Territory of California conspired, for the purpose of depriving, either directly or indirect any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or

Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

33. Plaintiff further alleges that the defendants who, having knowledge of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refuses so to do, that such wrongful act be committed, are to be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;

34. Defendants by gross negligence, recklessness, or deliberate indifference to the rights of plaintiff caused plaintiff and the class to be unlawfully denied due process

and equal protections of the laws of the United States and California State

Constitution and Statues/Codes without a compelling state interest.

35. As a direct and proximate result of the actions of the defendants as set forth

above, plaintiff and the class suffered the deprivation of Constitutional rights, pain,

discomfort, disability, mental and emotion anguish and fear.

36. As a result of the foregoing actions of defendants in unlawfully attempting to

enforce the provisions of the above cite code, Plaintiff has been denied the exercise

of their Fifth Amendment right to travel without due process of law and in

violation of the 14th Amendment due process and equal protection of the laws,

thereby resulting in a loss of in an amount to be proven at trial.  These losses are

continuing in nature.

### CAUSE OF ACTION RE ADA RIGHTS

37. Plaintiff incorporates Paragraphs 1-36, as set above and incorporates them by

reference.

38. Plaintiff alleges that the defendants have violated the ADA in that it prohibits

discrimination on the basis of disability in public accommodations i.e. having his

dog Cookie on USCS campus.

39. Plaintiff alleges that he an individual with a disability as defined by the ADA

is a person who has a physical or mental impairment that substantially limits one or

1    more major life activities, a person who has a history or record of such impairment,

2    or a person who is perceived by others as having such impairment.

3    40.  Plaintiff alleges that ADA Title II covers all activities of State and local

4    governments regardless of the government entity's size or receipt of Federal

6    funding. Title II requires that State and local governments give people with

7    disabilities an equal opportunity to benefit from all of their programs, services, and

8    activities (e.g. public services such as use of UC Libraries).

9    41. Defendants by gross negligence, recklessness, or deliberate indifference to the

10   rights of plaintiff caused plaintiff to be unlawfully denied due process and equal

11   protections of the laws of the United States and California State Constitution and

12   Statues/Codes without a compelling state interest.

14   42.  As a direct and proximate result of the actions of the defendants as set forth

15   above, plaintiff suffered the deprivation of Constitutional rights, pain, discomfort,

16   disability, mental and emotion anguish and fear.

18   43.  Monetary compensation is not available for the some defendants are immune

19   for damages pursuant to 11TH amendment and immunity doctrines excepting those

20   who are sued in their individual capacities.

22   44.  Thus, plaintiffs request that this court issue a temporary and permanent

23   injunction against the defendants from engaging in the above mention scheme and

24   declare that such acts are unconstitutional.

WHEREFORE:

1.    Plaintiff requests a jury pursuant to Federal Rules of Civil Procedure 38;

2.    Prospective declaratory relief; e.g. (1) entering a judgment pursuant to 28 USC section 2201 declaring the above cited UC 55 Code, unconstitutional on its face or as applied to plaintiff, as violating the Fifth and Fourteenth Amendments to the Constitution of the United States and his ADA rights, and further declaring the code, inapplicable by its own terms to Plaintiffs.

(2). Enter an Order Pursuant to 28 USC section 2202 based on the entry of the declaratory judgment requested in paragraph (2) above, prohibiting defendants from enforcing the provisions of this code, against Plaintiff.

3.  A  temporary and permanent injunction against defendants enforcing this code, against Plaintiff and/or acting, directly or indirectly, in their official capacities to harass or retaliate against plaintiff for his challenge to the code or for any other reason.;

4.  Enter a judgment, in an amount to be ;proved at trial, in favor of Plaintiff  and against individuals acting as state agents in their official and individual capacities; on account of damages sustained by plaintiffs, plus attorneys' fees, interest and costs of this actions;

5.  Compensatory damages in the amount proven at trial;

6.  Punitive damages in the amount proven at trial.

7. Attorneys Fees pursuant to 42 USC section 1988

8. And such other and further relief as the court deems just and proper.

DATED: JANUARY 16, 2008

FELIX TORRES, JR.