FELIX TORRES, JR.
1  P.O. BOX 8065
   LAGUNA HILLS, CA 92654
2  TELEPHONE: 650-906-1346
   Email: boalt77@yahoo.com
3

**FILED**

2008 APR 11 P 3 18

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

4         UNITED STATES DISTRICT COURT

5         NORTHERN DISTRICT OF CALIFORNIA

6              SAN JOSE DIVISION

7

8  FELIX TORRES, JR.,                    )    **Case No. C08-00857 JW**
                                         )
9                                        )    **FIRST AMENDED** COMPLAINT
                                         )    FOR INJUNCTION AND
                                         )    DECLARATORY RELIEF
10                                       )
                                         )
11         Plaintif,                     )    JURY DEMAND
                                         )
12     vs.                               )
                                         )
13  REGENTS OF THE UNIVERSITY OF,        )
    CALIFORNIA; UCSC ADA                 )
14  Compliance Officer Susan Willats,    )
    individually and in official capacity; and )
15  DOES 1-10, Inclusive.                )
                                         )
16         Defendants                    )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19                                       )
                                         )
20                                       )

21

22

23  PLAINTIFF hereby submits his complaint and alleges as follows:

24

25

FIRST AMENDED COMPLAINT TORRES v UC REGENTS et al.

## JURISDICTION AND VENUE

1. This matter arises under the Americans With Disabilities Act.

2. This Court has jurisdiction of this case pursuant is 28 USC Section 1331, for violation of Title II of the Americans With Disabilities Act, 42 U.S.C. 12101, *et seq.*

3. The claims made in this action arose within this judicial district. Venue is proper in this judicial district pursuant to 28 USC 1391(b).

PLAINTIFF:

4. Currently Plaintiff is residing in Santa Cruz, California. Plaintiff is disabled as defined under the 1990 American Disability Act with a neurological illness called Myasthenia Gravis.

5. Since 2001, Plaintiff has been periodically traveling throughout California engaging in research at the following UC Campuses, UC Berkeley, UC Santa Cruz, UC Irvine and UC San Diego.

**DEFENDANTS:**

6. Regents of the University of California of California's The University of California are governed by The Regents, a 26-member board, as established under Article IX, Section 9 of the California Constitution. The University is governed by The Regents, which under Article IX, Section 9 of the California Constitution has "full powers of organization and governance" subject only to very specific areas of

FIRST AMENDED COMPLAINT TORRES v UC REGENTS et al.

legislative control. The Regents control and are responsible for all UC Campus one of which is the University of California, at Santa Cruz.

7. UCSC ADA Compliance Officer Susan Willats is a current employee of the UCSC Campus and administers UCSC ADA requirements and currently approves or disapproves reasonable accommodations for disabled individual's e.g. individual dogs on campus to assist their owners.

8. UCSC is the only UC Campus that has a UC Dogs Prohibited on Campus Code 55. Which states that it is unlawful for any person having ownership, custody, or control of any dog to cause, suffer or permit such dog to be on the campus of the University of California at Santa Cruz, whether with or without a leash. "Campus" includes all land owned by the University of California at Santa Cruz including the Long Marine Lab, parking lots, grounds, buildings, and all developed and undeveloped lands of the University of California. This section shall not apply to any of the following:

(a) Dogs which assist persons with disabilities

(b) Dogs which are utilized for campus security

(c) Laboratory animals used in education and research

(d) Dogs housed in staff or faculty owned residences, or Chancellor or Provost housing (the "Non-Research Animals on Campus" policy shall regulate these pets).

FIRST AMENDED COMPLAINT TORRES v UC REGENTS et al.

## FACTS OF THE CASE

9. On or about May 27, 2007, Plaintiff was on the UCSC Campus engaged in research via the internet and using the UCSC Library. Plaintiff was parked in a Handicap Parking space exhibiting his California issue Handicap Parking Sticker.

10. Plaintiff has been using the UCSC Library facilities off and on since 2003. Plaintiff also has a small dog that assists him in navigating the terrain of the campus e.g. steep rolling hills. Plaintiff was been afflicted with Myasthenia Gravis a serious neurological illness since 1969.

11. Prior to May 27, 2007, Plaintiff sought and received permission from UCSC Animal Control Officer Jen Holz to have his dog on campus due to his disability.

12. After terminating his use of the UCSC Library, Plaintiff returned to his car and was removing some cardboard from the back seat of his car that Cookie (his dog) had soiled. USCS Police Officer G. McConnell witnessed the above and cited Plaintiff for violation of UC Ordinance 55.

13. Plaintiff explained to Officer McConnell that Plaintiff had prior permission to have Cookie on campus. Officer McConnell merely laughed and stated that Plaintiff wasn't really disabled. Officer McConnell's behavior can best be described as not only unprofessional but arrogant.

14. In early June 2007, Animal Control Officer Holz when contacted by Plaintiff could not remember Plaintiff and indicated that a new procedure was in placed and that Plaintiff needed to contact ADA Compliance Officer Defendant Willats.

15. Weeks prior to the September 18, 2007 Court hearing on the citation, Plaintiff sought and received permission from defendant UCSC ADA Compliance Officer Susan Willats to have Cookie on campus based on his disability.

16. Defendant Willats assured Plaintiff that she would contact Officer Holz and inform her of Plaintiff's permission and to notify all Campus Police of such permission. According to defendant Willats an email was sent that day to Officer Hotz.

17. At the September 18, 2007 hearing, under penalty of perjury Officer McConnell stated that Plaintiff had no such permission. The Court gave Plaintiff a day i.e. September 19, 2007, to confirm his permission to have Cookie on campus via a letter from defendant Susan Willats. Unknown to Plaintiff, defendant Willats was on vacation and would not return until September 24, 2007. Plaintiff was convicted on the violation of UC Ordinance 55 and paid a fine of $93.00.

18. On September 24, 2007, Plaintiff inquired of defendant Susan Willats why UC Campus Police were still unaware of his permission. Defendant Willats stated that permission was granted but now was being revoked. That an email was sent

1  regarding the permission but the point was moot now that Plaintiff's permission

2  was being revoked.

3  19. Subsequently, plaintiff informed the Chief of Police of USCS via a formal

4  complaint of Officer McConnell's behavior on the day of the citation and the day

5  of the Court hearing.  Plaintiff also formally complained regarding Officer Holz's

6

7  failure to communicated Plaintiff permission granted by defendant Willats to all

8  UCSC Campus Police Officers prior to September 18, 2007.

9  20. As of this day, no formal response has been forthcoming from USCS Police

10

11  Department regarding Plaintiff's complaint.

12  **CAUSE OF ACTION RE ADA RIGHTS**

13  21. Plaintiff incorporates Paragraphs 1-20, as set above and incorporates them by

14

15  reference.

16  22. Plaintiff alleges that the defendants have violated the ADA in that it prohibits

17  discrimination on the basis of disability in public accommodations i.e. having his

18

19  dog Cookie on USCS campus.

20  23. Plaintiff alleges that he an individual with a disability as defined by the ADA

21  is a person who has a physical or mental impairment that substantially limits one or

22  more major life activities, a person who has a history or record of such impairment,

23

24  or a person who is perceived by others as having such impairment.

25

FIRST AMENDED COMPLAINT TORRES v UC REGENTS et al.

24. Plaintiff alleges that ADA Title II covers all activities of State and local governments regardless of the government entity's size or receipt of Federal funding. Title II requires that State and local governments give people with disabilities an equal opportunity to benefit from all of their programs, services, and activities (e.g. public services such as use of UC Libraries).

25. As a direct and proximate result of the actions of the defendants as set forth above, plaintiff suffered pain, discomfort, disability, mental and emotion anguish and fear.

27. Plaintiff requests that this court issue a temporary and permanent injunction against the defendants from engaging in the above mentioned scheme and declare that such acts are in violation of the ADA.

WHEREFORE:

1.    Plaintiff requests a jury pursuant to Federal Rules of Civil Procedure 38;

2.    Prospective declaratory relief; e.g. (1) entering a judgment pursuant to 28 USC section 2201 declaring the above cited UC 55 Code as violating the ADA, and further declaring the code, inapplicable by its own terms to Plaintiff.

(2). Enter an Order Pursuant to 28 USC section 2202 based on the entry of the declaratory judgment requested in paragraph (2) above, prohibiting defendants from enforcing the provisions of this code, against Plaintiff.

FIRST AMENDED COMPLAINT TORRES v UC REGENTS et al.

3. A temporary and permanent injunction against defendants enforcing this code, against Plaintiff and/or acting, directly or indirectly, in their official capacities to harass or retaliate against plaintiff for his challenge to the code or for any other reason.;

4. Enter a judgment, in an amount to be proved at trial, in favor of Plaintiff and against individuals acting as state agents in their official and individual capacities; on account of damages sustained by plaintiffs, plus attorneys' fees, interest and costs of this actions;

5. Compensatory damages in the amount proven at trial;

6. Punitive damages against ADA Compliance Officer Willats

6. Attorneys Fees pursuant to 42 USC section 1988

7. And such other and further relief as the court deems just and proper.

DATED: APRIL 09, 2008

_____

FELIX TORRES, JR.

1  **CASE NO.** C08-00857  JW

2  PROOF OF MAIL SERVICE

3  I, FELIX TORRES, JR. am over 18 years if age and a party to the within above

4  entitled action, that I am a resident of SANTA CRUZ, CALIFORNIA and the

5  CITY OF SANTA CRUZ, CALIFORNIA.

6  Pursuant FRAP 25 C (1) (b) in the ordinary course of business practice, on APRIL

7  9, 2008, by US mail and EMAIL, I personally mailed in a fully prepaid envelope a

8  copy of

9  **PLAINTIFF'S FIRST AMENDED COMPLAINT**

10

11  To:

12  Michael A. Laurenson
   Partner

13  275 Battery Street, Suite 2000
   San Francisco, CA 94111
   email: mlaurenson@gordonrees.com

14      I am familiar with the practice of collection and processing correspondence for

15  mailing with the United States Postal Service and, in the ordinary course of

16  business, the correspondence would be deposited with the U.S. Postal Service on

17  the day on which it is collected a that business.

18      I declare under penalty of perjury under the laws of the State of California at the

19  foregoing is true and correct.  Executed at LAGUNA HILLS, CA this day of

20  APRIL 9, 2008.

21

22

23

24  C08-00857  JW

25  **CASE NO.**

1                    OPPOSITION TO MOTION TO DISMISS